IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| MICHAL M. STANKIEWICZ, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 1:18-cv-03075 |
| vs. | ) ) Honorable Robert M. Dow, Jr. |
| NATIONSTAR MORTGAGE LLC, | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S STATUS REPORT

Defendant Nationstar Mortgage LLC of Delaware d/b/a Champion Mortgage Company ("Champion"), pursuant to the Court's Memorandum Opinion and Order granting Champion's Motion to Stay ("Stay Order"), entered July 6, 2018 [Dkt No. 22] and the Minute Entry dated May 20, 2020 [Dkt. No. 37] continuing in place the current 90-day intervals for status reports, files this Status Report dated November 16, 2020.

### BACKGROUND

Pursuant to the Stay Order, this Court stayed this case while the case of *Hoggard et al. v. Nationstar Mortgage LLC of Delaware d/b/a Champion Mortgage Company*, 1:17-cv-99-TK (D.D.C.) is pending in the United States District Court for the District of Columbia ("D.C. Court"). In the Stay Order, this Court ordered Defendant to file reports explaining the status of the Hoggard litigation every 90 days, beginning September 1, 2018. This is the tenth such status report, filed November 16, 2020 pursuant to the Court's July 6, 2018 Memorandum Opinion and Order [Dkt. No. 22]. On May 20, 2020, the Court made a Minute Entry on the Docket continuing in place the current 90-day intervals for status reports [Dkt. No. 37].

## STATUS OF HOGGARD LITIGATION

1. Plaintiff Glendale Hoggard filed a purported class action lawsuit against Champion in the Superior Court of the District of Columbia, asserting claims for breach of contract, unjust enrichment and violation of various statutes arising out of Champion's servicing of his Home Equity Conversion Mortgage, also known as a reverse mortgage.

2. On January 13, 2017, Champion removed the case to federal court based on jurisdiction under the Class Action Fairness Act and on January 20, filed an Answer.

3. Subsequently, after a deposition of Plaintiff Glendale Hoggard revealed that he was not able to recall ever entering into a reverse mortgage, Plaintiff Hoggard – with the consent of Champion – filed an Amended Complaint adding Linda Patton as a named Plaintiff.

4. On May 24, 2017, Plaintiff Hoggard served his First Set of Interrogatories and First Set of Requests for Production of Documents ("RFPs"). Pursuant to the Scheduling Order, the parties currently are involved in discovery on Plaintiffs' individual claims as well as discovery limited to requests for evidence necessary to litigate class certification.

5. Champion has served its Responses to Plaintiff's First Set of Interrogatories and First RFPs, as well as Supplemental Responses to Plaintiff's First Set of Interrogatories and RFPs and responses to Plaintiff's Second Set of Interrogatories and RFPs.

6. The parties engaged in multiple meet and confer conferences to discuss and attempt to reach agreement with respect to Plaintiffs' requests for additional document production.

7. Nevertheless, on December 2, 2017, Plaintiffs filed a Motion to Compel.

8. On December 11, 2017, Champion served its Second Supplemental Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents, along with its supplemental document production.

9. On December 14, 2017, Plaintiffs issued subpoenas to Champion's vendors – National Field Representatives, FiveBrothers Asset Management Solutions, Single Source Property Solutions, and Celink seeking many of the same documents that are the subject of Plaintiffs' Motion to Compel. All third parties have responded to the subpoenas.

10. On January 4, 2018, Champion served its Third Supplemental Responses to Plaintiffs' First Interrogatories and First Set of Request for Production of Documents.

11. On January 5, 2018, Champion filed its Opposition to the Motion to Compel, together with a Declaration of Daryl McLeod. The parties agreed to extend the time for Plaintiffs to file their Reply pending taking the deposition of Daryl McLeod on issues related to his Declaration.

12. On March 16, 2018, Plaintiffs took the deposition of Daryl McLeod.

13. On March 30, 2018, Plaintiffs filed their Reply in support of the Motion to Compel.

14. By Order dated June 14, 2018, the Court denied Plaintiffs' Motion to Compel.

15. Plaintiffs filed their Third Request for Production of Documents on June 27, 2018 and Champion responded on August 8, 2018 and supplemented its responses on August 10, 2018.

16. Plaintiffs took the depositions of seven (7) Champion witnesses during the week of August 20, 2018.

17. On September 19, 2018, Plaintiffs requested additional documents from Champion and, in addition, served their Rule 30(b)(6) deposition notice on Champion.

18. Champion provided responses to Plaintiffs' Fourth and Fifth Requests for Production of Documents and, on November 1, 2018, Plaintiffs took the Rule 30(b)(6) deposition of Champion.

19. The parties continued to meet and confer with respect to discovery disputes and Champion is continuing to produce documents and information to Plaintiffs.

20. On December 19, 2018, Plaintiffs served their Second Set of Interrogatories on Champion. Champion responded on January 18, 2019.

21. On January 10, 2019, Champion again supplemented its production of documents.

22. On January 16, 2019, after the parties exhausted their meet and confer efforts, and after consultation with the D.C. Court, Plaintiffs filed their Motion to Compel certain documents.

23. On January 23, 2019, Champion took the deposition of Plaintiff Linda Patton.

24. On February 14, 2019, the D.C. Court held a status conference and hearing on Plaintiffs' Motion to Compel and entered an Order requiring the production of certain spreadsheets by February 28, 2019, as well as a sampling of batch inspection order spreadsheets by March 7, 2019. On February 28, 2019, Champion produced a spreadsheet showing loans referred to foreclosure while in Status 12 (showing the date of attorney acceptance). Champion also produced a spreadsheet showing loans that had appraisals ordered while the loan was in Status 56 (the "appraisal spreadsheet").

25. Champion requested an additional day to produce the sample of batch inspection orders, and Plaintiffs agreed to this brief extension. Champion produced the sample of batch inspection orders on March 8, 2019.

26. Champion discovered that, through inadvertence, the appraisal spreadsheet produced on February 28, 2019 did not include the appraisal order date. Instead, it included two columns of dates ("effective date" and "post date"). Accordingly, on March 14, 2019, Champion produced a corrected spreadsheet showing the appraisal order date.

27. In addition, at Plaintiffs' request, Champion reproduced a number of spreadsheets with full loan numbers.

28. On March 19, 2019, the parties again appeared before the D.C. Court to discuss the status of the ordered production and other discovery issues raised by Plaintiffs. As a result, on March 19, 2019 the D.C. Court ordered production of an additional spreadsheet, the inspection log, with full loan numbers, by April 2, 2019.

29. On April 2, 2019, Champion produced the inspection log with full loan numbers.

30. On March 6, 2019, Plaintiffs served their Second Set of Requests for Admissions on Champion. Champion timely responded on April 5, 2019.

31. On April 11, 2019, Plaintiffs served their Sixth Request for Production of Documents. Champion timely responded on May 13, 2019.

32. Due to the time frame for production of the above referenced documents, and the time needed for Plaintiffs' expert to analyze the documents, the D.C. Court suggested an additional extension of the deadlines.

33. The parties moved the D.C. Court to extend the deadlines, and the D.C. Court granted the motion extending the deadlines as follows:

    a. Plaintiffs' expert disclosures: May 13, 2019

    b. Defendant's expert disclosures: June 27, 2019

    c. Discovery cutoff: July 17, 2019

34. On May 13, 2019, Plaintiffs provided their expert disclosures to Champion.

35. On June 27, 2019, Champion provided its expert disclosures to Plaintiffs.

36. Due to scheduling issues, the parties were unable to schedule the depositions of expert witnesses until the end of August 2019. Accordingly, the parties moved the Court to extend the deadline to complete discovery.

37. On July 9, 2019, the Court granted the parties Motion and set the deadline to complete discovery on the merits of the named Plaintiffs' claims and evidence necessary for the parties to litigate class certification as August 28, 2019, and, continued the post-discovery status conference to September 5, 2019.

38. On July 22, 2019, Plaintiffs took the deposition of Rebecca Sutton, a representative of Five Brothers Mortgage Company Services and Securing, Inc. d/b/a Five Brothers Asset Management Solutions.

39. On August 27, 2019, Champion took the deposition of Plaintiffs' expert witness and, on August 28, 2019, Plaintiffs took the deposition of Champion's expert witness. Both experts produced documents in response to subpoenas served in connection with the scheduled depositions.

40. On August 28, 2019, discovery closed. On the same day, Plaintiffs served their Seventh Request for Production of Documents on Champion. On September 23, 2019, Champion timely filed its objections to Plaintiffs' Seventh Request for Production of Documents on the grounds, in part, that such requests were untimely.

41. On September 5, 2019, the Court held a status conference with the parties and set the briefing schedule for class certification briefing. The schedule is as follows:

    a. Plaintiffs shall file their motion for class certification by October 14, 2019;

    b. Champion shall file its response by November 12, 2019, and

    c. Plaintiffs shall file their reply by December 6, 2019.

42. Plaintiffs filed their Motion for Class Certification on October 14, 2019.

43. With the consent of Plaintiffs, Champion requested an extension of time to November 15, 2019 to file its Opposition in Response to Plaintiffs' Motion for Class Certification and a corresponding extension to December 9, 2019 for Plaintiffs to file their Reply.

44. On November 9, 2019, the Court granted the requested extensions.

45. On November 15, 2019, Champion filed its Memorandum in Opposition to Plaintiffs' Motion for Class Certification and Motion *in Limine* to Strike Testimony of Plaintiffs' Expert Witness.

46. On December 9, 2019, Plaintiffs filed their Reply Memorandum in Support of Motion for Class Certification and Memorandum in Opposition to Champion's Motion *in Limine* to Strike Testimony of Plaintiffs' Expert Witness.

47. On December 20, 2019, Champion filed its Reply Memorandum in Support of Motion *in Limine* to Strike Testimony of Plaintiffs' Expert Witness.

49. Briefing on class certification is now completed. The parties continue to await a decision.

Dated: November 16, 2020

        Respectfully submitted,

        /s/ Christina J. Lesko
        *Counsel for Defendant*
        *Nationstar Mortgage LLC*

        Robert E. Browne, Jr. (No. 6255678)
        Christina J. Lesko (No. 6306427)
        TROUTMAN SANDERS LLP
        227 West Monroe Street, Suite 3900
        Chicago, IL 60606
        (312) 759-1922
        E-mail: robert.browne@troutman.com
        Email: christina.lesko@troutman.com